UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gregory Green, ) | Civil Action No.: 4:23-cv-06103-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jimmy A. Richardson, *Fifteenth Circuit* ) | |
| *Solicitor*; Michael Travis Hyman, *Assistant* ) | |
| *Solicitor*, *Horry County*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff Gregory Green's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing this action with prejudice and without issuance and service of process.[1] *See* ECF Nos. 10 & 16.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge reviewed the Complaint pursuant to 28 U.S.C. § 1915 and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging that his due process rights were violated when he pled guilty to a drug offense in state court. *See* ECF No. 1. Plaintiff contends the Defendants, the assistant solicitor who prosecuted him and the solicitor, "completely changed the offense during Plaintiff's sentencing proceeding which deprived Plaintiff of notice of the offense in violation of Plaintiff's right to due process." *Id*. Plaintiffs argument appears to stem from his sentencing sheet indicating he pled to a lesser included offense of the offense he was indicted for. *Id*. Plaintiff was indicted and charged with a *second or subsequent offense* of trafficking in heroin in an amount of four grams or more, but less than fourteen grams. *See* ECF No. 1-1 at p. 2; S.C. Code Ann.§ 44-53-370(e)(3)(a)(2). Plaintiff pled guilty to a *first offense* of trafficking in heroin in an amount of four grams or more, but not less than fourteen grams. *See* ECF No. 1-1 at p. 1; S.C. Code Ann.§ 44-53-370(e)(3)(a)(1). A first offense for trafficking in heroin results in a term of imprisonment of not less than seven years nor more than twenty-five years and a fine of $50,000, while a second or subsequent offense results in a mandatory minimum term of imprisonment of twenty-five

2

years and a $100,000 fine. *See* § 44-53-370(e)(3)(a). Plaintiff seeks monetary and injunctive relief. ECF No. 1 at p. 6.

The Magistrate Judge recommends dismissing this action with prejudice because Defendants have prosecutorial immunity. *See* ECF No. 10. Plaintiff objects to the R&R, arguing during the guilty plea proceeding, Defendants "changed the entire offense" which "changed their roles from advocate to a "complaining witness." ECF No. 16 at pp. 3–4.

This Court disagrees with Plaintiff and agrees with the Magistrate Judge that Defendants have prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) ("Solicitors are immune from § 1983 claims where their challenged actions are 'intimately associated with the judicial phase of the criminal process.' "); *see also Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996) (explaining "the *Imbler* Court specified that absolute immunity protects prosecutors' decisions 'whether and when to prosecute' "). Securing a plea agreement and having a criminal defendant plead guilty to a lesser charge is "intimately associated with the judicial phase of the criminal process." *See Imbler*, 424 U.S. at 430.

To the extent Plaintiff seeks to amend his Complaint to add Horry County as a party, that request is denied as futile. Plaintiff contends Horry County is liable for violating his due process rights. *See* ECF No. 16 at p. 5. "[A] political subdivision is only liable when plaintiffs can demonstrate 'the existence of an official policy or custom that is fairly attributable to the [political subdivision] and that proximately caused the deprivation of rights.'" *Hall v. Putnam Cnty. Comm'n*, 637 F.Supp.3d 381, 398 (S.D.W.V. Oct. 26, 2022)(citing *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999)).

Plaintiff alleges his due process rights were violated because he was sentenced to a lesser-included offense, not the crime charged in his indictment, thereby depriving him of sufficient notice of the new charge. Due process requires that an accused be given "reasonable notice" of the specific

charge against him. *Stroud v. Polk*, 466 F.3d 291, 296 (4th Cir. 2006). Reasonable notice requires the defendant be apprised, with reasonable certainty, of the nature of the accusation against him so that he may prepare a defense. *Id*.

In this case, Plaintiff attached his sentencing sheet to the Complaint. ECF No. 1-1 at p. 1. The sentencing sheet is signed by Plaintiff and his criminal defense attorney, and it indicates Plaintiff pled guilty to trafficking in heroin, 4–14 grams, first offense, and noted this charge was a lesser included offense. *Id*. Plaintiff's signed sentencing sheet shows he was informed of the charge against him. Moreover, the only difference between the statutory subsection under which he was originally charged and the subsection to which he pled guilty was the offense number, of which he pled guilty to the lesser offense resulting in a shorter term of imprisonment. *See* S.C. Code Ann.§ 44-53-370(e)(3)(a)(1)–(2). Therefore, Plaintiff's allegation that he did not have sufficient notice of the charge is without merit. Because Plaintiff has failed to properly allege an underlying constitutional violation, he cannot show an official policy or custom of the county caused any deprivation of his rights.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 10], **DENIES** any request to amend the Complaint to add Horry County, and **DISMISSES** this action *with prejudice* and without issuance and service of process. [2]

**IT IS SO ORDERED.**

Florence, South Carolina                                  s/ R. Bryan Harwell
January 18, 2024                                          R. Bryan Harwell
                                                          Chief United States District Judge

---

[2] Plaintiff filed a motion to alter this Court's previous Order dismissing this action. *See* ECF No. 21. However, as that Order has already been vacated, Plaintiff's motion is denied without prejudice as moot. *See* ECF Nos. 14, 15, 18, & 21.